IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANDON MARTINE, individually** and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| **MIDLAND CREDIT MANAGEMENT, INC** | § § | **COMPLAINT – CLASS ACTION** |
| Defendants. | § § | |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Brandon Martine (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant Midland Credit Management, Inc. of the Telephone Consumer Protection Act, 47 U.S.C.A. § 227 *et seq.* (hereinafter "TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 *et seq.* (hereinafter "FDCPA); and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated to recover damages and to enjoin Defendant Midland Credit Management's unlawful conduct.

### I.  PARTIES

1. Plaintiff Brandon Martine is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2. Defendant Midland Credit Management, Inc. is a Kansas corporation registered with the Texas Secretary of State. Its principal place of business is at 3111 Camino Del Rio, Suite 103, San Diego, CA 92108-5721. Defendant Midland Credit Management, Inc. may be served by

serving its registered agent for process, Corporation Service Company d/b/a CSC - Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II. JURISDICTION AND VENUE

4. Plaintiff alleges a nationwide class, which will result in at least one class member belonging to a state different than the state in which the Defendant is deemed to reside. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 (hereinafter "CAFA") are present, and this Court has jurisdiction over this matter.

5. Pursuant to 28 U.S.C.A. §1367, Plaintiff and each member of the classes invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because the Plaintiff has resided in this District at all times relevant to these claims and a substantial part of the events giving rise to the claims occurred in the District.

### III. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), 47 U.S.C. § 227

7.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.      The TCPA regulates, among other things, the use of automated telephone dialing equipment, or "autodialers." Specifically, the plain language of §227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

10.     The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dealer calls them at rate to

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq*.

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

ensure that when a consumer answers the phone, a sales person is available to take the call.[4]

11. Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."[5]

### IV. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 *ET SEQ*.

12. In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

---

[4] 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

[5] *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, *citing to* 2003 TCPA Order, 18 FCC Rcd at 14093, para. 133.

## IV. FACTS RELATED TO PLAINTIFF BRANDON MARTINE

13.     Plaintiff allegedly incurred a financial obligation (the "Debt") to Beneficial, Member HSBC Group ("Creditor"). Debt is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

14.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

15.     The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

16.     On or about September 3, 2011, Defendant notified Plaintiff that Defendant had purchased Plaintiff's debt which it had incurred to the Creditor. This notice included a disclosure that Plaintiff had a right to request a validation of the debt, which would include the name and address of the original creditor.

17.     Included in the September 3, 2011 notice was an Account Statement, where Defendant stated that the original balance was $4,438.47, and with a 28% interest rate, the current balance was $4,455.78.

18.     On or about February 18, 2015, Defendant sent Plaintiff an invoice which stated that his balance was $8,609.85. This invoice also explicitly stated that, "because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the reporting agencies as unpaid."

19.     During the time between the September 1, 2014 and the January 7, 2015 invoice, Plaintiff received numerous phone calls from Defendant in an attempt to collect on the debt. At one point, Plaintiff was receiving 12-17 phone calls each day.

20. Additionally, Plaintiff requested that Defendant send him validation of the Debt. Defendant never sent such validation.

21. The September 3, 2011 notice, the January 7, 2015 invoice and the numerous phone calls constituted "communications" as defined in 15 U.S.C. § 1692a(2).

22. These phone calls meet the definition of "debt collection" under TEX. FIN. CODE § 392.001(5).

23. Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

24. 15 U.S.C. § 1692g(b) states that, if a consumer notifies a debt collector, within thirty days of the initial communication, that the debt, or any portion thereof, is disputed, the debt collector is then required to cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt and mails this verification to the consumer.

25. Defendant received and subsequently ignored Plaintiff's request for validation. Defendant then continued with debt collection efforts. Consequently, Defendant failed to satisfy the requirements of 15 U.S.C. § 1692g(b) and is thus in violation of the FDCPA.

26. 15 U.S.C. § 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, 15 U.S.C. § 1692f(1) provides that a debt collector is in violation by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. By seeking to collect interest, Defendant violated 15 U.S.C. § 1692f.

27. Additionally, Defendant used an automated telephone dialing system to place multiple calls to the Plaintiff's cell phone attempting to collect a consumer debt.

28. 47 U.S.C. § 227(b)(1) prohibits the use of automated telephone dialing systems for non-emergency purposes.

29. The telephone numbers Defendant called were assigned to a cellular telephone service.

30. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

31. Defendant willfully or knowingly placed the telephone calls to Plaintiff's cellular telephone service through use of an automated telephone dialing system in violation of 47 U.S.C. § 227(b)(1)

32. Defendant willfully or knowingly placed the telephone calls to Plaintiff's cellular telephone service through use of an automated telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(3)(c).

33. The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

34. These practices collection or attempted collection of consumer debts in the aforementioned manner constitute violation of both state and federal collection laws.

## V. CLASS ALLEGATIONS

35. This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

> TCPA Class: All persons who reside within the United States and who were called by Midland Credit Management, Inc. from September 1, 2014 though the present, in an attempt to collect a debt, using an automatic telephone dialing system, where the call was placed to the person's cellular telephone number that Midland Credit Management, Inc. did not obtain either from a creditor or directly from the person himself or herself.

> FDCPA Class: All persons who reside in the United States and from whom, on or after February 17, 2015, Midland Credit Management, Inc. sought to collect, or did collect, a consumer debt and to whom Midland Credit Management, Inc. either (1) failed to provide validation of a debt after it was requested in writing;

> (2) attempted to collect interest in violation of the law; or (3) used unfair or unconscionable means to collect or attempt to collect the Debt.
>
> TDCA Class: All persons who reside within the State of Texas and who were called by Defendant Midland Credit Management Inc. from September 1, 2014 through the present, excessively and to the point where it constituted abuse and/or harassment.
>
> None of the above Classes include any employees of Defendant or the judges assigned to this action or their relatives.

36. The unlawful actions of Defendant entitle Plaintiff and each member of the classes to statutory damages as well as injunctive relief.

37. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of members in each of the putative Classes is unknown to Plaintiff. However, the numbers of the Class Members in each of the Classes is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

38. Plaintiff will fairly and adequately protect the interests of each member of each of the Classes and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duties to each member of each of the Classes under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent members of each of the Classes.

39. Plaintiff is asserting claims that are typical of the claims of each member of each of the Classes he seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each member of each of the Classes he seeks to represent in the same manner – and utilizing the same methods – as Defendants utilized against the Plaintiff. All claims alleged on behalf of each member of the Classes flow from this conduct. Further, there is no conflict between Plaintiff and any member of any of the Classes with respect to this action.

40. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all member of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of the Classes.

41. Issues of law and fact common to members of the TCPA class include, but are not limited to, the following:

   a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

   b. Whether such practice violates the TCPA;

   c. Whether Defendant's conduct was knowing and willful;

   d. Which services or processes Defendant employed to obtain class members' cellular telephone numbers;

   e. Which technologies or services were available to Defendant to enable it to differentiate between wireless numbers and wireline numbers;

   f. Whether Defendant is liable for statutory damages and the amount of such statutory damages; and

   g. Whether Defendant should be enjoined from engaging in such conduct in the future.

42. Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

   a. Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

   b. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692g(b);

   c. Whether Defendant's actions constitute a violation of 15 U.S.C. § 1692g(a)(1);

   d. Whether Defendant's actions constitute a violation of 15 U.S.C. § 1692g(a)(2);

    e.    Whether Defendant's actions constitute a violation of 15 U.S.C. § 1692f;

    f.    Whether Defendant is liable for statutory damages and the amount of such statutory damages; and

    g.    Whether the class is entitled to an award of attorneys' fees and costs.

43.    Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

    a.    Whether Defendants are "debt collectors" as that term is defined by the Texas Debt Collection Act;

    b.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.302(2);

    c.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.302(4);

    d.    Whether Defendants should be enjoined from engaging in such conduct in the future; and

    e.    Whether the class is entitled to an award of attorneys' fees and costs.

44.    The relief sought by members of each of the classes is common to the entirety of each respective class.

45.    Defendant has acted on grounds generally applicable to the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole.

46.    This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

47.    This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interests

of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

48.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a.   significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b.   the size of the individual damages claims of most members of the Classes is too small to make individual litigation an economically viable alternative, such that few members of the Classes have any interest in individually controlling the prosecution of a separate action;

   c.   without the representation provided by Plaintiffs herein, few, if any, members of the Classes will receive legal representation or redress for their injuries;

   d.   class treatment is required for optimal deterrence;

   e.   despite the relatively small size of the claims of many individual members of the Classes, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

   f.   no unusual difficulties are likely to be encountered in the management of this class action;

   g.   absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

   h.   absent a class action, the members of the Classes will not receive compensation, will continue to be subjected to Defendant's illegal conduct.

49.     Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## COUNT ONE
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.A. § 227, *ET SEQ.*

50.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

51.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system." TCPA § 227(b)(A)(iii).

52.     Defendant made telephone calls to plaintiff's cell phone using an automatic telephone dialing system without consent, which was prohibited by the TCPA.

53.     Defendant negligently disregarded the TCPA in using its automated telephone dialing system to call Plaintiff's and each member of the TCPA Class's cellular telephones without express consent.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

55.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT TWO
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.A. § 227 *ET SEQ.*

56.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

57. Defendant knowingly and/or willfully disregarded the TCPA by using its automated telephone dialing system to call Plaintiff's and each member of the TCPA Class's cellular telephone without prior express consent.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

## COUNT THREE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

60. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

61. Defendant is a debt collector as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

62. Plaintiff is a consumer as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

63. The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

64. Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant failed to provide validation of the debt after it was requested by Plaintiff.

65. Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to timely send the Plaintiff a validation notice stating the amount of the Debt.

66. Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

67. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant attempted to collect interest where it was not permitted to by law.

68. The acts of Defendant constitute violations of the FDCPA. *See* 15 U.S.C. § 1692 *et seq*.

69. As a result of Defendant's violations of 15 U.S.C. § 1692 *et seq.*, Plaintiff and FDCPA Class members are entitled to statutory damages.

70. Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT FOUR
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT, TEX. FIN. CODE § 392.001, *ET SEQ*

71. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

72. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq*.

73. Defendant Midland Credit Management, Inc. is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE §§ 392.001(6).

74. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

75. The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

76. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

77. Specifically, TEX. FIN. CODE § 392.302(2) makes it illegal for debt collectors, during debt collection, to oppress, harass or abuse a person by "placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass and threaten a person at the called number."

78.     The numerous telephone calls by Defendants were made with the intent to annoy, harass and threaten Plaintiff, in violation of TEX. FIN. CODE § 392.302(2).

79.     In addition, TEX. FIN. CODE § 392.302(4) makes it illegal for debt collectors, during debt collection to oppress, harass, or abuse a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

80.     The numerous telephone calls by Defendant were abusive, constituted harassment, and were made in violation of TEX. FIN. CODE § 392.302(4).

81.     As a result of Defendant's violations of the TDCA, Plaintiffs and members of the TDCA Class are entitled to and do seek injunctive relief prohibiting such conduct by Defendant in the future.

82.     Plaintiffs and members of the TDCA Class are also entitled to an award of attorneys' fees and costs.

## VICARIOUS LIABILITY

83.     At all times relevant hereto, the individual debt collectors who contacted, attempted to contact, controlled or programmed Defendant's automatic telephone dialing system and/or spoke with Plaintiff or any member of any of the classes, were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the TCPA, the FDCPA, and the TDCA.

## JURY REQUEST

84.     Plaintiff requests that this matter be tried before a jury.

85.     WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

**ORIGINAL CLASS ACTION COMPLAINT**                                                                                           **PAGE 15**
C:\N Drive\WPDOCS\Martine, Brandon - 7573\Pleadings\Martine Complaint - FINAL.docx

a. Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

b. Declaring:

   i. Defendant's actions violated the TCPA;
   ii. Defendant's actions violated the FDCPA;
   iii. Defendant's actions violated the TDCA;

c. Awarding Plaintiff and Class Members statutory damages under the FDCPA and the TCPA, including treble damages under 47 U.S.C.A. § 227(b)(3);

d. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs;

e. Granting injunctive relief, including prohibiting Defendant from placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass and threaten a person at the called number; and

f. Granting such other relief that equity and the law deems appropriate.

Dated:  February 17, 2016         Respectfully submitted,

By: /s/ Walt D. Roper
**THE ROPER FIRM, P.C.**
Walt D. Roper
State Bar No. 00786208
3001 Knox Street
Suite 405
Dallas, Texas 75205
214.420.4520
214.856.8480 - Facsimile
walt@roperfirm.com

John Howie, Jr.
**HOWIE LAW, PC**
State Bar No. 240272239
4040 N. Central Expressway
Suite 850
Dallas, TX 75204
214.622.6340
214.622.6341 - Facsimile
jhowie@howielaw.net

**ATTORNEYS FOR PLAINTIFF**